UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPH COLON,<br><br>                    Petitioner,<br><br>    v.<br><br>BRENT REINKE,<br><br>                    Respondent. | Case No. 1:13-cv-00047-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

      Pending before the Court is Petitioner Joseph Colon's Amended Petition for Writ of Habeas Corpus. (Dkt. 7.) Respondent has filed a Motion for Summary Dismissal of the Petition. (Dkt. 16.) Petitioner has filed a response, which incorporates the arguments in Petitioner's initial state postconviction petition. (Dkt. 22 & 22-1.) The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on August 14, 2014. (Dkt. 14.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

      The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 12.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and

record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion for Summary Dismissal and dismissing this case with prejudice as untimely.

## BACKGROUND

Pursuant to a plea agreement, Petitioner pleaded guilty, in the Fourth Judicial District of the State of Idaho in Ada County, to two counts of lewd conduct with a minor under the age of sixteen in violation of Idaho Code Section 18-1508. (State's Lodging A-1 at 22-30, 35-37; A-2 at 1-10.) In exchange for the guilty plea, the state dismissed two other charges against Petitioner. (State's Lodging A-2 at 8.) Petitioner was sentenced on both counts to a concurrent unified sentence of life imprisonment with twenty years fixed. (State's Lodging A-1 at 35-37.) The judgment of conviction was entered on September 27, 2007. (*Id.*) Petitioner did not file a direct appeal from his conviction or sentence.

On October 19, 2007—before the expiration of the time for filing a direct appeal—Petitioner filed a motion for reduction of sentence under Idaho Criminal Rule 35. (*Id.* at 39-42.) The trial court denied the motion. (*Id.* at 65-67.) Petitioner appealed, and the Idaho Court of Appeals affirmed. (State's Lodging B-4.) The Idaho Supreme Court denied Petitioner's petition for review, and the remittitur issued on March 13, 2009. (State's Lodging B-7.)

Petitioner filed a pro se petition for postconviction relief in the state district court on March 4, 2010. (State's Lodging C-1 at 5-13.) The court appointed counsel to

**MEMORANDUM DECISION AND ORDER  2**

represent Petitioner, and an amended petition was later filed, asserting several claims of ineffective assistance of trial counsel. (*Id*. at 58-61.) The trial court summarily dismissed some of the claims, but held an evidentiary hearing on the others. (*Id*. at 114; State's Lodging C-3 at 18-26.) After the evidentiary hearing, at which both Petitioner and trial counsel testified, the court concluded that trial counsel's testimony was credible and that Petitioner's testimony was not credible. (State's Lodging C-4 at 45-46.) The court dismissed the postconviction petition. (State's Lodging C-1 at 114.) The Idaho Court of Appeals affirmed the dismissal. (State's Lodging D-4.) The Idaho Supreme Court denied review on September 25, 2012, and the remittitur was issued the same day.

Petitioner filed his initial Petition in this Court, at the earliest, on January 24, 2013. (Dkt. 2.) *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (holding that if a prisoner is entitled to the benefit of the mailbox rule, a legal document is deemed filed on the date a Petitioner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court); Rule 3(d) of the Rules Governing Section 2254 Cases ("Habeas Rules"). Petitioner later filed an Amended Petition. (Dkt. 7.) He asserts five claims:

> Claim One: Petitioner's sentence constitutes cruel and unusual punishment and therefore violates the Eighth Amendment to the United States Constitution.
>
> Claim Two: Petitioner was deprived of due process when he was incarcerated in the Ada County Jail for 89 days.
>
> Claim Three: Petitioner's Fifth Amendment privilege against self-

**MEMORANDUM DECISION AND ORDER 3**

incrimination was violated when he was ordered to undergo a psychosexual evaluation for sentencing purposes, and/or trial counsel rendered ineffective assistance in violation of the Sixth Amendment by failing to advise Petitioner of his right, under *Estrada v. State*, 149 P.3d 833 (Idaho 2006), not to participate in the psychosexual evaluation.

Claim Four: Petitioner received ineffective assistance of trial counsel on numerous other grounds.

Claim Five: Petitioner's Fourth Amendment rights were violated when a probable cause hearing was not conducted within 48 hours of his arrest.

(Am. Pet. at 2-4.)

Respondent now moves for summary dismissal of the Petition, arguing that Petitioner's claims are barred by the statute of limitations and are procedurally defaulted. The Court need not address Respondent's procedural default argument. The initial Petition was filed after the one-year statute of limitations had already run. *See* 28 U.S.C. § 2244(d). Because Petitioner is entitled only to limited statutory tolling and is not entitled to equitable tolling, the Petition is time-barred.

## DISCUSSION

**1.      Standard of Law Governing Summary Dismissal**

Rule 4 of the Habeas Rules authorizes the Court to summarily dismiss a petition for writ of habeas corpus or claims contained in the petition when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in the light most

**MEMORANDUM DECISION AND ORDER  4**

favorable to the petitioner.

**2.    Petitioner's Claims Are Barred by the Statute of Limitations**

   **A.    *Standard of Law***

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. *See* 28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244(d)(1) provides that the statute limitations period is triggered by one of four events:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's case involves subsection (d)(1)(A)—his conviction became final on the date of the conclusion of direct review or the expiration of the time for seeking such review. Direct review of a conviction includes the opportunity to file a petition for a writ

**MEMORANDUM DECISION AND ORDER  5**

of certiorari in the United States Supreme Court. The Supreme Court has clarified application of § (d)(1)(A) as follows:

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Because Petitioner did not file a direct appeal, his conviction became final on November 8, 2007, when Idaho's 42-day period for filing an appeal expired. *See* Idaho Appellate Rule 14(a).

The one-year statute of limitations can be tolled (or suspended) under certain circumstances. First, AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 131 S. Ct. 1278, 1286-87 (2011) (determining that a motion to reduce sentence under Rhode Island law tolled the statute of limitations pursuant to § 2244(d)(2)). Thus, to the extent that a petitioner properly filed an application for postconviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action

**MEMORANDUM DECISION AND ORDER  6**

and resumes when the action is completed. *Lawrence v. Florida*, 549 U.S. 327, 331-32 (2007). The statute "does not toll the 1-year limitations period during the pendency of a petition for certiorari" with respect to collateral challenges. (*Id*. at 332.)

If, after applying statutory tolling, a petition is deemed untimely, a federal court can still hear the claims if the petitioner can establish that "equitable tolling" should be applied to toll the remaining time period. The limitations period may be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). To qualify for equitable tolling, a circumstance must have *caused* a petitioner to be unable to file his federal petition on time. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

**B.** *The Petition Was Not Timely Filed*

Absent tolling, the statute of limitations period would have expired on November 8, 2010. As noted above, Petitioner filed his initial Petition in this Court, at the earliest, on January 24, 2013. Thus, the claims in the Amended Petition are barred by AEDPA's one-year statute of limitation unless Petitioner establishes that he is entitled to statutory or equitable tolling.[1]

---

[1] In addition to the doctrines of statutory and equitable tolling, the statute of limitations is also subject to an actual innocence exception. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013). However, Petitioner does not argue that he is actually innocent.

**MEMORANDUM DECISION AND ORDER 7**

      i.      <u>Statutory Tolling</u>

As set forth above, AEDPA's one-year limitations period is tolled for all of the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner's motion for a reduction of sentence under Idaho Criminal Rule 35 qualifies as an application for collateral review. *See Wall*, 131 S. Ct. at 1286-87. In addition, because that motion was filed before the conviction became final, the statute of limitations was tolled and did not begin to run until the collateral proceedings on that motion were completed.

To determine the date when Petitioner's Rule 35 proceedings concluded, the Court looks to state law. *Allen v. Lewis*, 295 F.3d 1046, 1046 (9th Cir. 2002) (en banc) (reaffirming *Bunney v. Mitchell*, 249 F.3d 1188 (9th Cir. 2001), *superseded by* Cal. Rule of Court 29.4(b)(2)(C)); *see also Lawrence*, 549 U.S. at 331. In Idaho, decisions of the Idaho Supreme Court are final when the remittitur is issued. *See Jakoski v. State*, 32 P.3d 672, 679 (Idaho Ct. App. 2001). The remittitur on Petitioner's appeal regarding his Rule 35 motion issued on March 13, 2009 (State's Lodging B-7), and AEDPA's one-year statute of limitations began to run on that date.

Statutory tolling does not apply to the time between the issuance of the remittitur on Plaintiff's Rule 35 motion and the date Petitioner filed his postconviction petition. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of

limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."), *abrogated on other grounds as stated in Nedds v. Calderon*, 678 F.3d 777, 781 (9th Cir. 2012). Therefore, by the time Petitioner filed his state postconviction petition on March 4, 2010, 356 days of the limitations period had already passed. At that point, only nine days remained in the limitations period.

The proceedings on Petitioner's state postconviction petition concluded on September 25, 2012. Thus, Petitioner had nine days—until October 4, 2012—to file his federal habeas petition. Even with statutory tolling, Petitioner's January 24, 2013 federal petition was filed more than three months too late. Therefore, Petitioner's claims can be deemed timely only if he is also entitled to equitable tolling.

   ii. <u>Equitable Tolling</u>

As noted above, equitable tolling will apply if (1) the petitioner has pursued his rights diligently and (2) extraordinary circumstances stood in his way and prevented a timely filing. *Holland*, 560 U.S. at 649. "Equitable tolling is justified in few cases, though. 'Indeed, the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (alteration omitted) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

Petitioner has not established extraordinary circumstances that would justify the

**MEMORANDUM DECISION AND ORDER  9**

application of equitable tolling in this case. Petitioner stated in his state postconviction petition—which he incorporates in his response to the Motion for Summary Dismissal—that after his Rule 35 proceedings concluded, he was transferred to an out-of-state prison. (Dkt. 22; State's Lodging C-1 at 6, 9.) Plaintiff claimed that he had no way to access the Idaho courts or to work with a court-appointed attorney to perfect a direct appeal while he was incarcerated outside the state. (*Id*.)

However, Petitioner does not state when he was transferred or how long he remained in the out-of-state facility. The Court therefore cannot conclude that his transfer "made it *impossible* to file a petition on time." *Ramirez*, 571 F.3d at 997 (emphasis added) (internal quotation marks and alteration omitted). Moreover, Petitioner had been transferred back to an Idaho prison before he filed his state postconviction petition (*see* State's Lodging C-1 at 5), yet Petitioner does not explain why he could not file his federal Petition in the more than three months that passed between the conclusion of his state postconviction proceedings and the date he filed his federal Petition.

For the foregoing reasons, Petitioner has not met his burden of showing that extraordinary circumstances beyond his control prevented him from filing a timely habeas petition.

## CONCLUSION

The initial Petition was filed after the one-year statute of limitations period had already expired, and Petitioner is entitled to statutory tolling only for a portion of that

**MEMORANDUM DECISION AND ORDER 10**

one-year period. Because Petitioner has not shown that equitable tolling applies to toll the remaining time period, the Amended Petition will be dismissed with prejudice as untimely.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 16) is GRANTED, and this entire action is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: **May 28, 2014**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER  11**